## DEARTH *v.* SPENCER.

In an action of trover by a payor against a payee for the conversion of
a note for thirty-five dollars, the plaintiff recovered a judgment for one
cent damages and costs, which was satisfied by the defendant. *Held,*
that this did not entitle the defendant to enforce the collection of the
note as a valid outstanding obligation against the payor.

ASSUMPSIT, by William B. Dearth against William B. Spencer.
Writ dated Dec. 19, 1866. The plaintiff claimed to recover the
amount of a promissory note for thirty-five dollars, signed by the
defendant and one Hiram M. Dearth, dated Nov. 7, 1856, and payable
to the plaintiff or order.

Upon a trial, at the February term, 1869, it appeared that, in March,
1864, the parties submitted all matters in difference to the arbitration
of certain persons in Vermont; that the note in controversy was then
brought before the arbitrators as a claim in favor of the plaintiff, but
was disallowed by them in their award " for the reason that the same,
as they found and adjudged, had been paid by said Spencer to said
Dearth." The court directed a verdict for the defendant. The case
having been reserved for the law term, it was there subsequently or-
dered that judgment should be rendered upon the verdict.

At the August trial term, 1871, the plaintiff moved that the order for
judgment be revoked, that the verdict be set aside, and a new trial
granted.

The following facts were then agreed :

The defendant in this action (Spencer) brought an action of trover,
in Vermont, Sept. 13, 1866, against the plaintiff in this action (Dearth),
for the conversion of the note now in suit. In August, 1869, final
judgment was rendered in the Vermont suit in favor of Spencer, for
the sum of one cent damages, and costs taxed at $87.87 ; and said
judgment has been satisfied.

*George A. Bingham* and *Ossian Ray,* for the plaintiff.

*Fletcher & Heywood,* for the defendant.

SMITH, J. It would seem that the nominal damages in the trover
suit must have been assessed for a mere temporary conversion, or that
the value of the note must have been estimated upon the assumption
that it had been paid and was no longer an enforceable pecuniary obli-
gation. The present plaintiff has not suggested any other method of
accounting for the assessment.

If the damages were given for a mere temporary conversion, it is
very clear that the judgment and satisfaction did not vest the note in
the defendant in the trover suit (the present plaintiff), nor entitle him

to collect it of the payor. Ordinarily, a judgment in trover for the full value of the chattel converted, followed by satisfaction, vests the property in the chattel in the defendant as against the plaintiff. But, " in an action of trover, the plaintiff may not always recover the full value of the thing converted." Trover will lie for a temporary as well as for a permanent conversion. The return of the property, either before or after suit brought, may be shown in mitigation, and will often reduce the damages to a nominal sum. When it is apparent that the value of the chattel did not furnish the rule of damages, and that the judgment is for less than the value, there is no ground for regarding the recovery of judgment as a voluntary sale of the chattel by the plaintiff, nor its satisfaction as a compulsory purchase of the chattel by the defendant. In such a case, neither the rendition nor the satisfaction of the judgment transfers the property in the chattel to the defendant. *Barb* v. *Fish*, 8 Black. (Ind.) 481; Sedgwick on Damages, 5th ed., 575; WILLES, J., in *Brinsmead* v. *Harrison*, L. R., 6 C. P. 584, p. 588;—see, also, *Lacon* v. *Barnard*, Croke (Car.) 35; *Field* v. *Jellicus*, 3 Levinz 124.

Suppose, on the other hand, that the damages were given for the value of the chattel, that value having been estimated upon the assumption that the note had been paid and was no longer an enforceable pecuniary obligation. If the pecuniary obligation which the note once evidenced was no longer enforceable, the so-called " note " had no greater value than any other piece of paper of the same dimensions. The value of the paper and of the ink thereon furnished the basis of the assessment,—not the value of the pecuniary obligation of which the paper and the ink were once the " tangible embodiment." If the satisfied judgment transferred anything to the defendant in the trover suit, it transferred to him merely a piece of waste paper, which he cannot now enforce as a promissory note. He has all that he was compelled to pay for, and nothing more. Having had the benefit of a reduction of damages upon the ground that the paper, though retained in his hands, could not be enforced as a note against the payor, he cannot now claim that the payment of the one cent, assessed as damages, changed the piece of waste paper which he paid for into a valuable pecuniary obligation which he did not pay for.

Plaintiff's motion denied.          *Judgment on the verdict.*